# EXHIBIT "3"

## IN THE SUPERIOR COURT OF SPALDING COUNTY
## STATE OF GEORGIA

LEAH M. SINGLETON,    )
            )
 Petitioner,     )
            )  CIVIL ACTION
v.          )
            )  FILE NO. 14V-340 C
DWAYNE C. SINGLETON,   )
            )
 Respondent.    )
            )

### SECOND AMENDED PETITION FOR CITATION OF CONTEMPT

COMES NOW, Petitioner, Leah M. Singleton (hereinafter "Petitioner"), and hereby files this *Second Amended Petition for Citation of Contempt* (hereinafter "Amended Petition") against Respondent, Dwayne C. Singleton (hereinafter "Respondent"), adding the additional violations as follows:

75.

### AMENDMENT TO COUNT I

### Medical Insurance and Healthcare Expenses for Minor Child

Paragraphs 3 through 4 of the original Petition for Citation of Contempt (hereinafter the "Petition") describe the Count I regarding the Medical Insurance and Healthcare Expenses for Minor Child, and Petitioner now adds the following to that Count I.

76.

Due to Respondent's failure to maintain medical insurance for the minor child, Petitioner has carried health insurance for the minor child through her employer, Alston & Bird LLP, since April 13, 2015.

77.

During the calendar year 2015, the monthly amount of such health insurance for the minor child was $190.00 per month.  During the calendar year 2016, the monthly amount of such health insurance for the minor child is $216.00 per month.

78.

Respondent has refused to reimburse Petitioner for premiums for health insurance on the minor child in the amounts of $2,911.00, as of the date of this Amended Petition, after being notified of such expenses.  As such, Respondent has willfully and contemporaneously violated the Settlement Agreement and Final Order.

79.

Petitioner has incurred healthcare expenses for the minor child that were not covered by health insurance (due to deductibles, copays or otherwise) totaling $4,598.45, as of the date of this Amended Petition.

80.

Respondent has refused to reimburse Petitioner for such amounts after being notified of the healthcare expenses for the minor child.  As such, Respondent has willfully and contemporaneously violated the Settlement Agreement and Final Order.

81.

<u>AMENDMENT TO COUNT II</u>

<u>Stillwater Trace Property</u>

Paragraphs 5 through 14 of the original Petition describe the Count II regarding the Stillwater Trace Property, and Petitioner now adds the following to that Count II.

82.

Respondent failed to make a timely payment on the mortgage secured by the Stillwater Trace Property due on October 1, 2015 and failed to cure that default within 30 days.

83.

Respondent failed to pay the property taxes to Spalding County on the Stillwater Trace Property in full due on November 15, 2015 and failed to cure that default within 30 days.

84.

Respondent failed to pay the insurance on the Stillwater Trace Property. The insurance was cancelled on or about October 28, 2015. Respondent failed to cure the default of the cancelled and unpaid insurance within 30 days.

85.

Paragraph 5(f) of the Settlement Agreement reads in part,

> In the event that the Husband defaults on any of the obligations identified in subparagraph (b)(1), (b)(2), (b)(4), and (b)(5) above to this Paragraph 5 and fails to cure said default prior to the expiration of thirty (30) days from the date of default, the Husband shall be compelled to market the Stillwater Trace Property for sale immediately with a licensed realtor chosen by the Wife at a price not exceeding the fair market value of said property. The Husband and Wife shall be required to accept any bona fide purchase offer that equals or exceeds the outstanding balance due on the mortgage indebtedness secured by the Stillwater Trace Property.

86.

Petitioner attempted to list the Stillwater Trace Property for sale in December of 2015 with a licensed realtor in accordance with the Settlement Agreement and Final Decree, but Respondent again refused to cooperate. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

87.

Even though the Stillwater Trace Property was not listed for sale due to the actions of Respondent, a licensed realtor had a buyer make an offer on the Stillwater Trace Property in December 2015 that was in excess of the mortgage amount due. Respondent refused to entertain or accept such offer. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

88.

As of the date of this Amended Petition, the amount of outstanding mortgage with Quicken Loans on the Stillwater Trace Property is approximately $307,135.00.

89.

Petitioner has offered to purchase the property from Respondent as a bona fide purchaser for an amount at least as great as the mortgage due on the property since June 9, 2015, and Respondent has failed to entertain or accept such offer. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

90.

The Stillwater Trace Property was appraised as of May 31, 2016 for $515,000.00.

91.

The Stillwater Trace Property was appraised as of January 27, 2014 for $500,000.

92.

Petitioner has repeatedly notified Respondent of her intentions to list the Stillwater Trace Property for sale with the licensed realtors Angi Pilkenton or Kathy Slade in accordance with the Settlement Agreement.

93.

On or about April of 2016, Respondent listed the Stillwater Trace Property for sale with realtor Jeri-Lee Vermeer, and a list price of $639,000. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

94.

## AMENDMENT TO COUNT III

### Zebulon Road Properties

Paragraphs 15 through 24 of the original Petition describe the Count III regarding the Zebulon Road Properties, and Petitioner now adds the following to that Count III.

95.

Respondent failed to pay the property taxes on the Zebulon Road Properties due on November 15, 2015 and failed to cure that default within 30 days.

96.

Respondent failed to pay the mortgage payment due on the Zebulon Road Properties due on November 25, 2015 and failed to cure that default within 30 days.

97.

Respondent failed to pay the mortgage payment due on the Zebulon Road Properties due on March 25, 2015 and failed to cure that default within 30 days.

98.

Respondent failed to pay the mortgage payment due on the Zebulon Road Properties due on April 25, 2016 and failed to cure that default within 30 days.

99.

Paragraph 6(e) of the Settlement Agreement reads in part,

In the event that the Husband defaults on any of the obligations identified in subparagraph (b)(1), (b)(3), and (b)(4) above to this Paragraph 5 and fails to cure said default prior to the expiration of thirty (30) days from the date of default, the Husband shall be compelled to market the Zebulon Road Property for sale immediately with a licensed realtor chosen by the Wife at a price not exceeding the fair market value of said property. The Husband and Wife shall be required to accept any bona fide purchase offer that equals or exceeds the outstanding balance due on the mortgage indebtedness secured by the Stillwater Trace Property.

100.

Petitioner requested that the Zebulon Road Properties be listed for sale in December 2015 with a licensed realtor in accordance with the Settlement Agreement and Final Decree, but Respondent again refused to cooperate. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

101.

The property at 1115 Zebulon Road appraised for $170,000 on January 27, 2014, and the properties at 1117 and 1119 Zebulon Road appraised for $125,000 on January 27, 2014.

102.

Petitioner has repeatedly notified Respondent of her desire to list the Zebulon Road Properties for sale with the licensed realtors Angi Pilkenton or Kathy Slade in accordance with the Settlement Agreement.

103.

As of April 20, 2016, the outstanding mortgage due on the Zebulon Road Properties with Bank of America was approximately $274,606.44.

104.

On or about June of 2016, Respondent listed the Zebulon Road Properties for sale with licensed realtor Jeri-Lee Vermeer, and a list price of $499,000. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

105.

## AMENDMENT TO COUNT IV

### South Center Street Property

Paragraphs 25 through 28 of the original Petition describe the Count IV regarding the South Center Street Property, and Petitioner now adds the following to that Count IV.

106.

Respondent failed to pay the property taxes on the South Center Street Property due on November 24, 2015 and failed to cure that default within 30 days.

107.

Respondent failed Respondent failed to make timely payments on the mortgage secured by the South Center Street Property for December 2015 and failed to cure those defaults within 30 days.

108.

Paragraph 7(e) of the Settlement Agreement provides:

In the event that the Husband defaults on any of the obligations identified in subparagraphs (b)(1), (b)(3), and (b)(4) above to this Paragraph 7 and fails to cure said default prior to the expiration of thirty (30) days from the date of the default, the Husband shall be compelled to market the South Center Street Property for sale immediately with a licensed realtor chosen by the Wife and at a price not exceeding the fair market value of said property. The Husband and Wife shall be required to accept any bona fide purchase offer that equals or exceeds the outstanding balance due on the mortgage indebtedness secured by the South Center Street Property.

109.

Petitioner has repeatedly notified Respondent of her desire to list the South Center Street Property for sale with the licensed realtors Angi Pilkenton or Kathy Slade in accordance with the Settlement Agreement.

110.

On or about June of 2016, Respondent listed the South Center Street Property for sale with realtor Jeri-Lee Vermeer, and a list price of $120,000.00  As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

111.

## AMENDMENT TO COUNT IX

### Alimony

Paragraphs 40 through 44 of the original Petition describe the Count IX regarding alimony, and Petitioner now adds the following to that Count IX.

112.

Respondent has failed to pay alimony in full for January, February, March, April, May, and June of 2016 in the amount of $2,314.17 each month.  Due to Respondent's failure to make alimony payments, Respondent owes Petitioner a total of $13,885.02 as of the date of this Amended Petition. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

113.

## AMENDMENT TO COUNT X

### Indebtedness

Paragraphs 47 through 48 of the original Petition describe the Count X regarding Indebtedness, and Petitioner now adds the following to that Count X.

114.

Petitioner paid $2,330.00 in May 2015 and $500.00 in January 2016 toward indebtedness Respondent should have paid no later than December 31, 2014 for the Bank of America Visa Card. Petitioner has requested reimbursement from Respondent, and Respondent has refused. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

115.

## AMENDMENT TO COUNT XI

### Cell Phone for Minor Child

Paragraphs 49 through 50 of the original Petition describe Count XI regarding Cell Phone for Minor Child, and Petitioner now adds the following to that County XI.

116.

Petitioner has provided a cell phone to the minor child, Respondent regularly communicates with the minor child on said cell phone, and Petitioner seeks reimbursement from Respondent for that obligation.

117.

## AMENDMENT TO COUNT XII

### School Fees for Minor Child

Paragraphs 51 and 52 of the original Petition describe Count XII regarding School Fees for Minor Child, and Petitioner now adds the following to that County XII.

118.

Respondent has failed and refused to reimburse Petitioner $5,000 as described in the Settlement Agreement for tuition Petitioner paid to Woodward Academy for the minor child in the amount of $21,840.00 for the 2015-2016 school year.

119.

Respondent has failed and refused to reimburse Petitioner in the amount of $320.00 as described in the Settlement Agreement for a field trip with Woodward Academy in September 2015 and a field trip with Griffin Christian Academy during the 2014-2015 school year. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

120.

## AMENDMENT TO COUNT XII

### Life Insurance Policies

Paragraphs 53 through 55 of the original Petition describe Count XII regarding Life Insurance Policies, and Petitioner now adds the following to that Count XII.

121.

Since Respondent has failed and refused to procure and maintain life insurance upon his life as required by the Settlement Agreement and Final Decree, Petitioner paid $595.00 for a term life insurance in October 2015 and Respondent refuses to reimburse Petitioner for that amount. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

122.

Since Respondent has failed and refused to procure and maintain life insurance upon his life as required by the Settlement Agreement and Final Decree, Petitioner has procured a universal life insurance policy on the life of Respondent in the amount of $1 million. Since July 2015, Respondent has refused to sign such documents so that Petitioner can procure and maintain a universal life insurance policy on Respondent's life. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

123.

On or about March of 2016, Petitioner procured a universal life insurance policy on Respondent's life in the amount of $1 million with a monthly premium of $650.00. Respondent has refused to reimburse Petitioner for such amounts for such premium amounts for the months of March, April, May and June 2016. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

124.

## AMENDMENT TO COUNT XIII

### BMW Automobiles for Associates of Respondent's Law Firm

Paragraphs 56 through 57 of the original Petition describe Count XIII regarding BMW Automobiles for Associates of Respondent's Law Firm, and Petitioner now adds the following to that Count XIII.

125.

Respondent failed and refused to make monthly payments on the two BMW vehicles during the months of August, September, and October 2015 as well as February and March 2016. Respondent only made the payments for the two BMW vehicles in November 2015 when BMW

attempted to repossess such vehicles, which adversely affects Petitioner's credit.  As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

126.

## AMENDMENT TO COUNT XIV

### 2013 Income Taxes

Paragraphs 58 through 60 of the original Petition describe Count XIV regarding 2013 Income Taxes, and Petitioner now adds the following to that Count XIV.

127.

Due to Respondent's failure to timely file and pay the parties' 2013 income taxes, Petitioner paid $5,486.00 to the Internal Revenue Service in March 2015.  Respondent refuses to reimburse Petitioner for such amount, and Respondent has willfully and contemporaneously violated the Settlement Agreement and Final Decree.

128.

Due to Respondent's failure to timely file and pay the parties' 2013 income taxes, Petitioner paid $1,020.00 to the Georgia Department of Revenue in March 2015.  Respondent still owes $1,154.00 to the Georgia Department of Revenue (excluding late fees and interest) for the 2013 income taxes.  Respondent has failed to pay and reimburse Petitioner for these amounts.  As such, Respondent has willfully and contemporaneously violated the Settlement Agreement and Final Decree.

129.

COUNT XVI

Custody of Minor Child

Paragraphs 62 through 69 of the Amendment Petition describe Count XVI and are incorporated herein.

130.

Paragraph 2(d)(6)(B) of the Parenting Plan states that the Husband shall have physical custody of the minor child "from the time that Layne's school recesses classes on the Friday immediately preceding Memorial Day [at 6:00 o'clock p.m. if school is not in session on said Friday] until the time that said school resumes classes on the Tuesday following Memorial Day [at 9:00 o'clock a.m. if school is not in session on said Tuesday]"

131.

The minor child did not have school on the Tuesday, May 31, 2016, which was the day following Memorial Day.

132.

Respondent did not allow Petitioner to see the minor child in accordance with the Parenting Plan on Tuesday, May 31, 2016. Petitioner did not see the minor child until Thursday, June 2, 2016.

133.

As such Respondent has willfully and contemptuously violated the Parenting Plan and Final Decree.

134.

On June 7, 2016, Respondent arrived at Petitioner's house unannounced three hours early and took the minor child with him without permission from Petitioner. As such, Respondent has willfully and contemptuously violated the Parenting Plan and Final Decree.

135.

## COUNT XVII

### Membership at The Club at Shoals Creek

Paragraph 19 of the Settlement Agreement states that Respondent shall maintain Petitioner as a member of The Club at Shoals Creek.

136.

Respondent failed to maintain Petitioner's membership, and Petitioner paid $300.00 to The Club at Shoals Creek for access to the swimming pool during the summer of 2015. Respondent has refused to reimburse Petitioner for this amount. As such, Respondent has willfully and contemporaneously violated the Settlement Agreement and Final Decree.

137.

## COUNT XVIII

### Activities for the Minor Child

Paragraph 3(a)(4) of the Settlement Agreement states that Respondent shall reimburse Petitioner for all extracurricular activities of the minor child up to $4,000.00 per year.

138.

Petitioner has incurred $3,910.88 for extracurricular activities for the minor child since January 1, 2015, and Respondent refuses to reimburse Petitioner for such amounts. As such,

Respondent has willfully and contemporaneously violated the Settlement Agreement and Final Decree.

139.

COUNT XIX

Tutoring for the Minor Child

Paragraph 3(a)(5) of the Settlement Agreement states that Respondent shall pay up to $1,500.00 per year for tutoring for the minor child.

140.

Petitioner has incurred $720.00 for tutoring for the minor child since November 2015, and Respondent has refused to reimburse Petitioner for such amounts. As such, Respondent has willfully and contemporaneously violated the Settlement Agreement and Final Decree.

141.

COUNT XX

Buttermilk Lane Property

Paragraph 9(a) of the Settlement Agreement states, "The Wife shall have and enjoy the sole title to the unimproved real property located at and known as 1314 Buttermilk Lane, Griffin, Spalding County, Georgia (hereinafter referred to as "the Buttermilk Lane Property")."

142.

On or about February of 2015, Petitioner was notified by an attorney, Edward Bullard, that Respondent had unilaterally entered into a contract to sell the Buttermilk Lane Property.

143.

Respondent entered into a contract to sell the Buttermilk Lane Property without Petitioner's knowledge or permission.

144.

Respondent represented to the prospective buyers and the closing attorney that he was the owner of the Buttermilk Lane Property.

145.

As such, Respondent has willfully and contemporaneously violated the Settlement Agreement and Final Decree.

146.

## COUNT XXI

### Joint Checking Account

Paragraph 15(a)(2) of the Settlement Agreement states, "The Wife shall have, enjoy, and retain the sole title to all monies on deposit in…the parties' joint checking account with Bank of America (the last 4 digits of the account number being 5673)."

147.

After executing the Settlement Agreement in May of 2014, Respondent unilaterally closed this account without Petitioner's knowledge or permission and kept the balance of this account.

148.

As such, Respondent has willfully and contemporaneously violated the Settlement Agreement.

149.

## COUNT XXII

### Singleton & Singleton LLC IOLTA

Paragraph 16(d) of the Settlement Agreement states, "The Husband shall immediately

close the IOLTA for Singleton & Singleton, LLC and transfer all funds therein to the IOLTA for

Singleton, Pasley & Nuce, LLC."

150.

Respondent did not close said IOLTA account immediately. Respondent has willfully and

contemporaneously violated the Settlement Agreement and Final Decree.

151

## COUNT XXIII

### Antique Desk and Chair

Paragraph 16(h)(3) and (4) of the Settlement Agreement states, "The Husband shall take

the action necessary to cause Singleton & Singleton LLC to immediately transfer, convey, release

and to deliver to the Wife the sole title to and possession of…(3) the antique desk located in the

conference room on the first floor at 1115 Zebulon Road, Griffin, Georgia; and (4) the antique

wooden chair located in the conference room on the first floor at 1115 Zebulon Road, Griffin,

Georgia."

152.

As of the date of this Amended Petition, Petitioner has not received said items. As such,

Respondent has willfully and contemporaneously violated the Settlement Agreement and Final

Decree.

153.

## COUNT XIX

### Amber Terrell aka Amber Singleton

Paragraph 2(q) of the Parenting Plan states, "Prior to September 1, 2014, the Husband shall not allow Amber Nicole Terrell to be in Layne's presence during any of his actual physical custody periods unless the Husband and Amber Nicole Terrell enter into a lawful marriage prior to September 1, 2014."

154.

On or about July 27, 2014, Respondent notified Petitioner that Respondent and Amber Nicole Terrell had married and would be introducing Layne to Amber Nicole Terrell.

155.

In fact, Respondent did not marry Amber Nicole Terrell until on or about October 24, 2014.

156.

Respondent allowed the minor child to be around and live with Amber Nicole Terrell prior to September 1, 2014 in violation of the Parenting Plan and Final Decree.

157.

Paragraph 2(e) of the Parenting Plan further states, "The Husband shall not allow any adult female who is unrelated to him by blood or marriage to remain overnight ("overnight" being defined as any time during the period beginning at 8:30 o'clock p.m. and ending at 9:00 o'clock a.m. the following day) in his residence or other place of lodging while Layne is present."

158.

Amber Nicole Terrell spent the night with Respondent while the minor child was present during Respondent's visitation periods beginning on or about June 27, 2014 and continuing until their lawful marriage began on or about October 24, 2014.

159.

As such, Respondent has willfully and contemptuously violated the Parenting Plan and Final Decree.

160.

### Attorney's Fees

Petitioner has incurred attorney's fees as a result of Respondent's contemptuous behavior in failing to comply with the provisions of the parties' Final Decree. Despite Petitioner's best efforts to resolve this issue without the need to file an action and incur further attorneys' fees, Respondent's contemptuous behavior has forced Petitioner to incur attorney fees to represent Petitioner in this action.

WHEREFORE, Petitioner, prays as follows:

(a)     That the Motion for Contempt be granted;

(b)     That Respondent be found in willful contempt of this Court and ordered to purge himself of contempt by fully complying with the parties' Final Decree.

(c)     That Petitioner be reimbursed for all attorney's fees incurred as a result of Respondent's contemptuous behavior;

(d)     That Petitioner be awarded her reasonable attorney's fees and expenses associated with bringing this motion;

(e)     That Petitioner be granted such other and further relief as this Court deems just and

proper.

Respectfully submitted this the ___24ᵗʰ___ day of June, 2016.


                                        CONNELL CUMMINGS, LLC


                          By:     _____
                                        KATHLEEN B. CONNELL
                                        Georgia Bar No. 435151
                                        Attorney for Plaintiff


3225 Cumberland Boulevard
Suite 510
Atlanta, Georgia 30339
(678) 384-4542  Telephone
(678) 404-6336  Facsimile
Connell@connellcummings.com

STATE OF GEORGIA 
COUNTY OF Fulton

## VERIFICATION

Personally appeared before the undersigned attesting officer, duly authorized by law to

administer oaths, **LEAH SINGLETON** who, after being duly sworn, deposes and states that

based upon her personal knowledge, the facts stated in the foregoing *Second Amended Petition*

*for Citation of Contempt* are true and correct.

This 24th day of June, 2016.

_____
LEAH SINGLETON

Sworn to and subscribed before me

this 24th day of July, 2016.

_____
Notary Public

