# EXHIBIT "2"

FILED & RECORDED
CLERK, SUPERIOR COURT
SPALDING COUNTY, GA.

**IN THE SUPERIOR COURT OF SPALDING COUNTY**
**STATE OF GEORGIA**

2015 MAR 24 AM 9 35

BY _____
MARCIA L. HORRIS, CLERK

| | |
|---|---|
| LEAH M. SINGLETON, | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. 14V-340 C |
| DWAYNE C. SINGLETON, | ) |
| Respondent. | ) |
| | ) |

## AMENDED PETITION FOR CITATION OF CONTEMPT

COMES NOW, Petitioner, Leah M. Singleton (hereinafter "Petitioner"), and hereby files this

*Amended Petition for Citation of Contempt* (hereinafter "Amended Petition") against Respondent,

Dwayne C. Singleton (hereinafter "Respondent"), adding the additional violations as follows:

62.

### Count XVI

### Custody of Minor Child

The Settlement Agreement and Final Decree incorporated the *Parenting Plan* between the

parties dated March 11, 2014 (hereinafter the "Parenting Plan") and filed with the court on May 30,

2014 in the Divorce Action. (A copy of the Parenting Plan is attached hereto as Exhibit "C.")

63.

Paragraphs 1(a) and 2(a) of the Parenting Plan provide that the parties have joint legal and

physical custody and that Petitioner has primary legal and physical custody of the Minor Child.

64.

Paragraph 2(d) of the Parenting Plan specifies the time when the Respondent has actual

physical custody of the Minor Child.

65.

Paragraph 2(d)(1) provides that Respondent has actual physical custody of the Minor Child from the time school recesses on Friday until school resumes on Monday on alternating weekends.

66.

Paragraph 2(d)(2) provides that Respondent has actual physical custody of the Minor Child from the time school recesses on Tuesday until school resumes on Thursday.

67.

Paragraphs 2(d)(3) through 2(d)(7) provide additional periods when Respondent has actual physical custody of the Minor Child.

68.

Paragraph 2(d)(4)(E)(i) provides that the Respondent cannot exercise his actual physical custody of the Minor Child so as to cause the Minor Child to be absent from school without the Petitioner's prior written consent.

69.

Paragraph 2(c)(7) of the Parenting Plan provides that Petitioner has actual physical custody at of the Minor Child at all other times.

70.

On Thursday, March 19, 2015, Respondent's wife, Amber Nicole Terrell, picked up the Minor Child at 1:15 PM, from school prior to the time when school recessed for the day, and in violation of the Parenting Plan.

71.

Pursuant to the Parenting Plan, Petitioner was supposed to have actual physical custody of the Minor Child Thursday, March 19, 2015 until the Respondent's next parenting time on Tuesday, March 24, 2015.

72.

On Thursday, March 19, 2015, Respondent took the Minor Child to an undisclosed location and refused to return the Minor Child to Petitioner in violation of the Parenting Plan. Petitioner tried to contact Respondent numerous times to locate the Minor Child, but Petitioner refused to answer such phone calls and text messages. As such, Respondent has willfully and contemptuously violated the Settlement Agreement and Final Decree.

73.

Petitioner shows this Court that Respondent is in willful contempt of the Final Decree as set forth herein.

74.

Petitioner has incurred attorney's fees as a result of Respondent's contemptuous behavior in failing to comply with the provisions of the parties' Final Decree. Despite Petitioner's best efforts to resolve this issue without the need to file an action and incur further attorneys' fees, Respondent's contemptuous behavior has forced Petitioner to bring this action and incur further attorneys' fees and costs in prosecuting this case.

WHEREFORE, Petitioner, prays as follows:

(a)     That the Amended Motion for Contempt be granted;

(b)     That Respondent be found in willful contempt of this Court and ordered to purge himself of contempt by fully complying with the parties' Parenting Plan and Final Decree;...

(c)     That Petitioner be reimbursed for all attorney's fees incurred as a result of Respondent's contemptuous behavior;

(d)     That Petitioner be awarded her reasonable attorney's fees and expenses associated with bringing this motion; and

(e)     That Petitioner be granted such other and further relief as this Court deems just and proper.

Leah M. Singleton v. Dwayne C. Singleton
Amended Petition for Citation of Contempt
3

This ___23___ day of _Mar ch_____, 2015.

ELLIS FUNK, PC

By: _____
Alyson F. Lembeck
Georgia Bar No. 261369

By: _____
Kelly E. Malone
Georgia Bar No. 221377

One Securities Centre
3490 Piedmont Road, Suite 400
Atlanta, Georgia 30305
Tel: (404) 233-2800
Facsimile: (404) 233-2188

Attorneys for Petitioner

IN THE SUPERIOR COURT FOR THE COUNTY OR SPALDING

STATE OF GEORGIA

FILED & RECORDED
SPALDING COUNTY, GA.
2014 MAY 30  PM 1: 25
BY _____ D. Preston
MARCIA T. _____
NO. 14V-340. (WFS)

LEAH M. SINGLETON,                    )    CIVIL ACTION FILE

        Plaintiff                     )

v.                                    )

DWAYNE C. SINGLETON,                  )

        Defendant.                    )    **PARENTING PLAN**

The following constitutes the permanent Parenting Plan between plaintiff (hereinafter referred to as "the Wife") and defendant (hereinafter referred to as "the Husband"):

1.    **JOINT LEGAL CUSTODY.**

    (a)    Subject to the further terms and provisions of this Paragraph 1, the Wife and the Husband shall have the joint legal custody of their daughter, Layne Morgan Singleton (hereinafter sometimes referred to as "Layne"), whose date of birth is March 18, 2004; provided, however, that the Wife shall be Layne's primary legal custodian.

    (b)    The Wife shall make all day-to-day/routine decisions regarding Layne's health and welfare (including extracurricular activities).

    (c)    The Wife shall confer with the Husband regarding all major decisions that are reasonably expected to impact Layne's health, education, welfare, and religious training with a view toward promoting each such child's best interests. The parties shall endeavor, in good faith, to reach joint decisions. In the event of an impasse, the Wife shall retain the right, duty, and authority to make all such major decisions for Layne.

RECORDED

MINUTE BOOK ____432____

PAGE ____1869____

Leah M. Singleton v. Dwayne C. Singleton
Spalding Superior Court, Case No. 14V-340.
Permanent Parenting Plan                            -1-

EXHIBIT _C_

DCS ____

(d)     The terms and provisions of subparagraph (c) above to this Paragraph 1 shall not

empower or otherwise authorize the Wife to unilaterally modify, amend, abate, or suspend any of

the parental rights granted to the Husband by this Paragraph 1 nor the parenting times identified

in Paragraph 2 below.

(e)     If, during an actual physical custody period identified in Paragraph 2(c) below, the

Wife is confronted with a medical emergency involving Layne, she shall be relieved of the "prior

consultation" provisions of subparagraph (c) above to this Paragraph 1 to the extent and for the

time necessary to secure appropriate treatment for said child.

(f)     If, during an actual physical  period identified in Paragraph 2(d) below, the

Husband is confronted with a medical emergency involving Layne, he shall be relieved of the

"prior consultation" provisions of subparagraph (c) above to this Paragraph 1 to the extent and

for the time necessary to secure appropriate treatment for said child.

(g)     In the event that the Wife obtains any emergency medical treatment for Layne, she

shall notify the Husband of such fact at the earliest possible time but in no event later than one

(1) hour following the commencement of such medical treatment.

(h)     In the event that the Husband obtains any emergency medical treatment for Layne,

he shall notify the Wife of such fact at the earliest possible time but in no event later than one (1)

hour following the commencement of such medical treatment.

(i)     The Wife and the Husband shall each have the right to meet, confer with, and

review the records maintained by Layne's educators, including, without limitation, all teachers,

instructors, paraprofessionals, teacher's aides, principals, assistant principals, academic

Leah M. Singleton v. Dwayne C. Singleton
Spalding Superior Court, Case No. 14V-340.
Permanent Parenting Plan                              -2-

counselors, guidance counselors, school counselors, school administrators, tutors, academic

coaches, and athletic coaches, and health care providers, including, without limitation, all

hospitals (including psychiatric hospitals), medical centers, urgent care facilities, immediate care

facilities, emergency rooms, infirmaries, clinics, nursing homes, convalescent centers, physical

rehabilitation facilities, medical doctors (including psychiatrists), physicians, physician

assistants, dentists, orthodontists, oral surgeons, nurse practitioners, nurses, nursing assistants,

medical assistants, paramedics, emergency medical technicians, laboratory technicians,

psychologists, licensed professional counselors, counselors, licensed marriage and family

therapists, therapists, licensed clinical social workers, social workers, psychoanalysts,

psychometrists, physiatrists, physical therapists, respiratory therapists, occupational therapists,

speech pathologists, speech therapists, audiologists, optometrists, pharmacists, osteopaths,

podiatrists, chiropractors, and any other practitioner of the healing arts.

     (j)     The Wife shall give to the Husband advance notice of Layne's school activities,

programs, functions, and ceremonies; church activities, programs, functions, and ceremonies;

extracurricular activities; athletic activities, including, but not limited to, team and individual

practices, tryouts, games, matches, and banquets, etc.; recitals; choral, band, and/or theatrical

presentations and performances; cotillions; and milestone events. The Husband shall have the

same rights as the Wife to attend and, when appropriate, to participate in any such activities,

events, programs, etc.

     (k)     The Husband shall give to the Wife advance notice of Layne's school activities,

programs, functions, and ceremonies; church activities, programs, functions, and ceremonies;

extracurricular activities; athletic activities, including, but not limited to, team and individual

practices, tryouts, games, matches, and banquets, etc.; recitals; choral, band, and/or theatrical

presentations and performances; cotillions; and milestone events. The Wife shall have the same

rights as the Husband to attend and, when appropriate, to participate in any such activities,

events, programs, etc.

(l)      The Wife shall not disparage or criticize the Husband or any member of his

family in the presence of Layne. To the contrary, the Wife shall endeavor, in good faith, to

promote each such child's love and respect for the Husband and his family.

(m)      The Husband shall not disparage or criticize the Wife or any member of her

family in the presence of Layne. To the contrary, the Husband shall endeavor, in good faith, to

promote each such child's love and respect for the Wife and her family.

(n)      Neither the Wife nor the Husband shall utilize Layne to deliver communications

intended for one parent from the other parent.

(o)      Notwithstanding anything to the contrary contained in or implied by

subparagraphs (f) and (h) above to this Paragraph 1, the Husband shall not have Layne screened,

examined, evaluated, tested, and/or treated by a psychiatrist, a psychologist, a licensed

professional counselor, a counselor, a licensed marriage and family therapist, a therapist, a

licensed clinical social worker, a social worker, a psychoanalyst, a physiatrist, or a psychometrist

other than Sandra Rawlings with Touch of Healing Counseling without the Wife's prior written

consent.

Leah M. Singleton v. Dwayne C. Singleton
Spalding Superior Court, Case No. 14V-340.            -4-
Permanent Parenting Plan

2.    <u>JOINT PHYSICAL CUSTODY.</u>

(a)    Subject to the further terms and provisions of this Paragraph 2, the Wife and the Husband shall have the joint physical custody of Layne; provided, however, that the Wife shall be Layne's primary physical custodian.

(b)    The Wife's residence shall constitute Layne's legal residence for all purposes.

(c)    The Wife shall retain the actual physical custody of Layne:

(1)    On alternating weekends, from the time that Layne's school recesses classes on Friday until the time that said school resumes classes on Monday, beginning with the weekend of March 28, 2014, unless the dates and times identified in this subparagraph (c)(1) conflict with the dates and times identified in subparagraph (d)(3) through (d)(7) below, in which event the visitation periods identified subparagraph (d)(3) through (d)(7) below to this Paragraph 2 shall control;

(2)    From the time that Layne's school recesses classes on the Friday immediately preceding Mother's Day until the time that her school resumes classes on the Monday following Mother's Day;

(3)    For fourteen (14) days during each calendar year; provided, however, that:

(A)    During those calendar years ending in an even number, the Wife gives to the Husband written notice of her intention to exercise this actual physical custody and the inclusive dates thereof between May 1st and May 15th of each such year;

(B)     During those calendar years ending in an odd number, the Wife gives to the Husband written notice of her intention to exercise this actual physical custody and the inclusive dates thereof between May 16th and May 31st of each such year;

(C)     This actual physical custody shall be exercised in either one (1) period consisting of fourteen (14) consecutive days or two (2) periods consisting of seven (7) consecutive days each;

(D)     If this actual physical custody is exercised in two (2) periods, the second such period cannot be exercised prior to the expiration of a least fourteen (14) days from the date that the first such period has been concluded;

(E)     This actual physical custody cannot be exercised so as to:

(i)     Cause Layne to be absent from school without the Husband's prior written consent; or

(ii)     To conflict with the actual physical custody periods identified in subparagraph (d)(3), (d)(5), (d)(6), or (d)(7) below to this Paragraph 2; and

(F)     This actual physical custody shall be in addition to all other actual physical custody periods identified in this subparagraph (c);

(4)     For two (2) hours on any March 18th that falls during the actual physical custody periods identified in subparagraph (d)(1), (d)(2), (d)(6) or (d)(7) below to this Paragraph 2, which hours shall be subject to the parties' agreement, and, in the absence of an agreement, the hours shall be from 6:00 o'clock p.m. until 8:00 o'clock p.m.;

(5)     During those calendar years ending in an even number:

(A)     From the time that Layne's school recesses classes on the Friday immediately preceding that Monday on which the Martin Luther King, Jr. federal holiday is celebrated (hereinafter "MLK Day") until the time that said school resumes classes on the Tuesday following MLK Day;

(B)     From the time that Layne's school recesses classes immediately prior to the commencement of the Spring Break until 12:00 o'clock noon on that day constituting the midpoint of the Spring Break [for calendar year 2014, from the time that Layne's school recesses classes on April 4, 2014 until 12:00 o'clock noon on April 9, 2014];

(C)     From the time that Layne's school recesses classes on the Friday immediately preceding Labor Day [at 9:00 o'clock a.m. if school is not in session on said Friday] until the time that said school resumes classes on the Tuesday following Labor Day [at 9:00 o'clock a.m. if school is not in session on said Tuesday];

(D)     From the time that Layne's school recesses classes immediately prior to the commencement of the Thanksgiving holidays until the time that said school resumes classes on the ~~Sunday~~ Monday following Thanksgiving Day; and



(E)     From 2:00 o'clock p.m. on Christmas Day until the time that Layne's school resumes classes immediately following the conclusion of the Christmas Break;

(6)     During those calendar years ending in an odd number:

(A)     From the time that Layne's school recesses classes immediately prior to the commencement of any February Winter Break until the time that said school resumes classes following the conclusion of said Winter Break;

(B)     From the time that Layne's school recesses classes on the Friday immediately preceding Memorial Day [at 9:00 o'clock a.m. if school is not in session on said Friday] until the time that said school resumes classes on the Tuesday following Memorial Day [at 9:00 o'clock a.m. if school is not in session on said Tuesday];

(C)     From the time that Layne's school recesses classes immediately prior to the commencement of any October Fall Break until the time that said school resumes classes following the conclusion of said Fall Break; and

(D)     From the time that Layne's school recesses classes immediately prior to the commencement of the Christmas Break until 2:00 o'clock p.m. on Christmas Day; and

(7)     At all other times and on all other dates not otherwise identified in subparagraph (d)(1) through (d)(7) below as one of the Husband's actual physical custody periods.

(d)     The Husband shall have the actual physical custody of Layne:

(1)     On alternating weekends,  from the time that Layne's child's school recesses classes on Friday until the time that said school resumes classes on Monday, beginning with the weekend of April 4, 2014, unless the dates and times identified in this subparagraph

(d)(1) conflict with the dates and times identified in subparagraph (c)(2) through (c)6) above, in which event the actual physical custody periods identified subparagraph (c)(2) and (c)(6) above to this Paragraph 2 shall control;

(2)    From the time that Layne's school recesses classes on Tuesday of each week [at 6:00 o'clock p.m. if school is not in session on said Tuesday] until the time that said child's school resumes classes on Thursday [at 9:00 o'clock a.m. if school is not in session on said Thursday], beginning April 2, 2014, unless the dates and time identified in this subparagraph (d)(2) conflict with the dates and times identified in subparagraph (c)(2) through (c)(6) above, in which event the actual physical custody periods identified in subparagraph (c)(2) through (c)(6) above to this Paragraph 2 shall control;

(3)    From 6:00 o'clock p.m. on the Friday immediately preceding Father's Day until 9:00 o'clock a.m. on the Monday following Father's Day;

(4)    For fourteen (14) days during each calendar year; provided, however, that:

(A)    During those calendar years ending in an even number, the Husband gives to the Wife written notice of his intention to exercise this actual physical custody and the inclusive dates thereof between May 16th and May 31st of each such year;

(B)    During those calendar years ending in an odd number, the Husband gives to the Wife written notice of his intention to exercise this actual physical custody and the inclusive dates thereof between May 1st and May 15th of each such year;



(C)    This actual physical custody shall be exercised in either one (1) period consisting of fourteen (14) consecutive days or two (2) periods consisting of seven (7) consecutive days each;

(D)    If this actual physical custody is exercised in two (2) periods, the second such period cannot be exercised prior to the expiration of a least fourteen (14) days from the date that the first such period has been concluded;

(E)    This actual physical custody cannot be exercised so as to:

(i)    Cause Layne to be absent from school without the Wife's prior written consent; or

(ii)    To conflict with the actual physical custody periods identified in subparagraph (c)(2), (c)(4), (c)(5), or (c)(6) above to this Paragraph 2; and

(F)    This actual physical custody shall be in addition to all other actual physical custody periods identified in this subparagraph (d);

(5)    For two (2) hours on any March 18th that falls during the actual physical custody periods identified in subparagraph (c)(1), (c)(5), or (c)(6) above to this Paragraph 2, which hours shall be subject to the parties' agreement, and, in the absence of an agreement, the hours shall be from 6:00 o'clock p.m. until 8:00 o'clock p.m.;

(6)    During those calendar years ending in an even number:

(A)    From the time that Layne's school recesses classes immediately prior to the commencement of any February Winter Break until the time that said school resumes classes following the conclusion of said Winter Break;

Leah M. Singleton v. Dwayne C. Singleton
Spalding Superior Court, Case No. 14V-340.
Permanent Parenting Plan                                    -10-

(B)    From the time that Layne's school recesses classes on the Friday immediately preceding Memorial Day [at 6:00 o'clock p.m. if school is not in session on said Friday] until the time that said school resumes classes on the Tuesday following Memorial Day [at 9:00 o'clock a.m. if school is not in session on said Tuesday];

(C)    From the time that Layne's school recesses classes immediately prior to the commencement of any October Fall Break until the time that said school resumes classes following the conclusion of said Fall Break; and

(D)    From the time that Layne's school recesses classes immediately prior to the commencement of the Christmas Break until 2:00 o'clock p.m. on Christmas Day;

(7)    During those calendar years ending in an odd number:

(A)    From the time that Layne's school recesses classes on the Friday immediately preceding MLK Day until the time that said school resumes classes on the Tuesday following MLK Day;

(B)    From the time that Layne's school recesses classes immediately prior to the commencement of the Spring Break until 12:00 o'clock noon on that day constituting the midpoint of the Spring Break [for calendar year 2014, from the time that 12:00 o'clock noon on April 9, 2014 until the time that Layne's school resumes classes immediately following the conclusion of the Spring Break];

(C)    From the time that Layne's school recesses classes on the Friday immediately preceding Labor Day [at 6:00 o'clock p.m. if school is not in session on said Friday]

until the time that said school resumes classes on the Tuesday following Labor Day [at 9:00

o'clock a.m. if school is not in session on said Tuesday];

       (D)    From the time that Layne's school recesses classes immediately

prior to the commencement of the Thanksgiving holidays until the time that said school resumes

classes on the ~~Sunday~~ Monday following Thanksgiving Day; and

       (E)    From 2:00 o'clock p.m. on Christmas Day until the time that

Layne's school resumes classes immediately following the conclusion of the Christmas Break;

and

       (8)    At all other times and on all other dates as can be agreed upon by the Wife

and the Husband.

    (e)    The Husband shall not allow any adult female who is unrelated to him by blood or

marriage to remain overnight ("overnight" being defined as any time during the period beginning

at ~~7:00~~ 8:30 o'clock p.m. and ending at 9:00 o'clock a.m. the following day) in his residence or other

place of lodging while Layne is present.  However, the terms and provisions of this subparagraph

(e) shall not preclude the Husband from having a married couple or couples as overnight guests

in his home or other place of lodging while Layne is present.

    (f)    The Wife shall not allow any adult male who is unrelated to her by blood or

marriage to remain overnight ("overnight" being defined as any time during the period beginning

at ~~7:00~~ 8:30 o'clock p.m. and ending at 9:00 o'clock a.m. the following day) in her residence or other

place of lodging while Layne is present.  However, the terms and provisions of this subparagraph

(f) shall not preclude the Wife from having a married couple or couples as overnight guests in her home or other place of lodging while Layne is present.

       (g)      During those times that Layne is in the actual physical custody of the Husband:

           (1)      The Wife shall have the right to contact said child by telephone at reasonable hours, for reasonable durations of time, and at reasonable intervals; and

           (2)      Layne shall have the right to contact the Wife by telephone at reasonable hours, for reasonable durations of time, and at reasonable intervals.

       (h)      During those times that Layne is in the actual physical custody of the Wife:

           (1)      The Husband shall have the right to contact said child by telephone at reasonable hours, for reasonable durations of time, and at reasonable intervals; and

           (2)      Layne shall have the right to contact the Husband by telephone at reasonable hours, for reasonable durations of time, and at reasonable intervals.

       (i)      Layne shall receive all letters, cards, packages, gifts, and correspondence from the Husband and his family without censorship, editing, or interference by the Wife or any member of her family. In addition, Layne shall be permitted to correspond with the Husband without censorship, editing, or interference on the part of the Wife or any member of her family.

       (j)      Layne shall receive all letters, cards, packages, gifts, and correspondence from the Wife and her family without censorship, editing, or interference by the Husband or any member of his family. In addition, Layne shall be permitted to correspond with the Wife without censorship, editing, or interference on the part of the Husband or any member of his family.

(k)     The Husband shall have an affirmative and continuing duty to notify the Wife of his residential address, his residential telephone number, his email address, his cell phone number, the address at which any overnight actual physical custody period shall be exercised away from the Husband's residence; and a telephone number where he may be reached in the event of an emergency.

(l)     The Wife shall have an affirmative and continuing duty to notify the Husband of her residential address, her residential telephone number, her email address, her cell phone number, the address at which any overnight actual physical custody period shall be exercised away from the Wife's residence; and a telephone number where she may be reached in the event of an emergency.

(m)    At the beginning of each of the actual physical custody periods identified in subparagraph (d)(1), (d)(2), (d)(6), (d)(7)(A), (d)(7)(B), (d)(7)(C), and (d)(7)(D) above to this Paragraph 2, the Husband shall collect Layne from her school.  At the beginning of each of the actual physical custody periods identified in subparagraph (d)(3), (d)(4), (d)(5), and (d)(7)(E), the Husband shall collect Layne from the Wife's residence.  At the conclusion of each of the actual physical custody periods identified in subparagraph (d)(1), (d)(2), (d)(6)(A), (d)(6)(B), (d)(6)(C), and (d)(7) above to this Paragraph 2, the Husband shall return Layne to her school. At the conclusion of each of the actual physical custody periods identified in subparagraph (d)(3), (d)(4), (d)(5), and (d)(6)(D) above to this Paragraph 2, the Husband shall return Layne to the Wife's residence.

(n)     All food, lodging and transportation expenses incurred by the Husband to exercise his actual physical periods shall be borne solely by him.

(o)     Neither the Wife nor the Husband shall knowingly expose Layne to any person who is using or laboring under the effects of any illegal drug, substance, or compound.

(p)     Neither the Wife nor the Husband shall consume alcoholic beverages or use any tobacco products in the presence of Layne.

(q)     Prior to September 1, 2014, the Husband shall not allow Amber Nicole Terrell to be in Layne's presence during any of his actual physical custody periods unless the Husband and Amber Nicole Terrell enter into a lawful marriage prior to September 1, 2014.

(r)     In addition to the restrictions enumerated in subparagraph (q) above to this Paragraph 2, the Husband shall not exercise any of his actual physical custody periods in the presence of an adult female with whom he has initiated a dating relationship prior to the expiration of at least six (6) months from the date that the Husband and said female began their dating relationship.

(s)     The Wife shall not exercise any of her actual physical custody periods in the presence of an adult male with whom she has initiated a dating relationship prior to the expiration of at least six (6) months from the date that the Wife and said male began their dating relationship.

(t)      The terms and provisions of this Paragraph 2 shall not be used by the Husband as

a Parenting Time Deviation for purposes of any child support calculation.

This the ⎵⎵ day of March, 2014.

WITNESS

NOTARY PUBLIC

WITNESS

NOTARY PUBLIC



GEORGE M. SINGLETON

DWAYNE C. SINGLETON,
"HUSBAND"

| Physical Custody Periods | Years Ending In An Even Number | Years Ending In An Odd Number |
|---|---|---|
| Martin Luther King, Jr. Holiday Weekend | Wife | Husband |
| February Winter Break | Husband | Wife |
| Spring Break (First half) | Wife | Husband |
| Spring Break (Second half) | Husband | Wife |
| Memorial Day Weekend | Husband | Wife |
| Labor Day Weekend | Wife | Husband |
| October Fall Break | Husband | Wife |
| Thanksgiving Holidays | Wife | Husband |
| Christmas Holidays (First Portion) | Husband | Wife |
| Christmas Holidays (Second Portion) | Wife | Husband |

DCS

FILED & RECORDED
CLERK, SUPERIOR COURT
SPALDING COUNTY, GA.

IN THE SUPERIOR COURT OF SPALDING COUNTY
STATE OF GEORGIA

2015 MAR 24  AM 9 36

| | | |
|---|---|---|
| LEAH M. SINGLETON | ) | |
| | ) | BY _____ |
| Petitioner, | ) | MARCIA L. NORRIS, CLERK |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. _____ |
| DWAYNE C. SINGLETON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## VERIFICATION

PERSONALLY APPEARED before me, the undersigned officer, duly authorized to

administer oaths, LEAH M. SINGLETON, who, after being first duly sworn, states that the

foregoing *Amended Petition for Citation of Contempt* is true and correct, to the best of her

knowledge, information and belief.

_____
(LEAH M. SINGLETON)

Sworn to and subscribed before me this
the 24th day of March 2015.

_____
Notary Public

[SEAL]

My Commission Expires: 08/14/18

JENNA PITTS
NOTARY
PUBLIC
Exp. Aug. 14, 2018
SPALDING COUNTY, GA.